WARNE v. HILL.

1. Petition in debt may be maintained by the holder of a negotiable promissory note, within the meaning of the 6th sec. of the act concerning "bonds and notes," (R. C. 1835, p. 105,) against the maker thereof.

2. The 7th section of the above act applies not to the form of action to be used by the holder of such a note, but was intended to give the holder the same remedy against the maker and endorser respectively, as in cases of inland bills of exchange.

Appeal from the St. Louis Circuit Court.

*Hudson for Appellee.*

The counsel for the appellee insists that the court below committed no error in overruling the demurrer and giving judgment for the plaintiff, and relies on the statute of this State as sufficient authority on this subject. *See Revised Code,* page 449 and 383.

*Opinion of the Court by Tompkins, Judge.*

Hill sued Warne in the circuit court by petition in debt. That court gave judgment for Hill, and to reverse it this appeal is prosecuted.

It is contended that the note sued on here, is not such an instrument in writing as by the law introducing this action was intended to be sued on in this form of action. The act provides that any person being the legal owner of any bond or note, for the direct payment of money or property, may sue thereon in any circuit court having jurisdiction thereof, by petition in debt. Page 447 of digest 1835. The note here sued on reads thus: "Sixty days after date I promise to pay to the order of J. B. Hill, negotiable and payable at the St. Louis Insurance Office, in St. Louis, Mo., two hundred and twenty-five dollars, without defalcation or discount, for value received." It is contended that this description of note is withdrawn from the operation of the statute giving the action of petition in debt, by the construction of the 6th and 7th sections of the act concerning bonds and notes, p. 105

of the digest of 1835. The said sixth section provides that every note for the payment of money, expressed on the face thereof to be for value received, negotiable and payable without defalcation, shall be due and payable as therein expressed, and shall have the same effect, and be negotiable in like manner as inland bills of exchange. By the seventh section it is provided that the payees and endorsees of every negotiable note payable to them or order, and the holder of every such note, payable to bearer, may maintain actions for the sums of money therein mentioned, against the makers and endorsers thereof respectively, in like manner as in cases of an inland bill of exchange, and not otherwise. It is contended that by this provision, the holder of a promissory note would be required to sue in the same form of action as the holder of an inland bill of exchange; that is to say, in an action of assumpsit. Because, by the first section of the act giving the action by petition in debt, that action lies only on a bond or note for the direct payment of money. The sounder opinion seems to be, that the seventh section applies not to the form of action to be used by the holder of a negotiable promissory note, but that he may maintain an action for the sum of money therein mentioned, both against the maker and indorser respectively, and recover against them such damages as such holder could recover against the drawer or indorser of an inland bill of exchange. After the declaration made in the sixth section, that the notes expressed on the face thereof to be for value received, negotiable and payable without defalcation, should be due and payable as therein expressed, and should have the same effect, and be negotiable in like manner as inland bills of exchange, the act might have been thought defective, had it not been also provided that the holder might recover against the maker and the several endorsers as in cases of inland bills of exchange. But if the holder wished to proceed against the maker of a negotiable promissory note, there is no reason why the lawgiver should deny him the right of using the more speedy action of petition in debt. The letter and spirit of the first section of the act for the speedy recovery of debts due on bonds and notes, gives the holder of the negotiable note the

4*

MAY TERM,    right to use this action against the maker of such note, and
**1841.**    there is no good reason to be assigned why it should be ta-

Warne        ken away by the seventh section of the act concerning bonds
v.           and notes above cited.   It is a more reasonable conclusion
Hill.        the legislature by the words used in the seventh section in-

was intend-  tended only to give holders of negotiable notes such redress
ed to give the
holder the   against the makers and endorsers thereof as was given against
same remedy  the drawers and indorsers of inland bills of exchange, leav-
against the
maker and en- ing such holders to choose their own form of action, whe-
dorser respec-
tively, as in ther given by the statute or the common law.   The judg-
cases of inland ment of the circuit court is therefore affirmed.
bills of ex-
change.